1

2

3

4

5

6

7

8                  **UNITED STATES DISTRICT COURT**

9                 **CENTRAL DISTRICT OF CALIFORNIA**

10                      **SOUTHERN DIVISION**

11

12  ALICE DANIELS,                    )      No. SACV 09-1108 CW
                                      )
13                  Plaintiff,        )      DECISION AND ORDER
               v.                     )
14                                    )
    MICHAEL J. ASTRUE,                )
15  Commissioner, Social             )
    Security Administration,          )
16                                    )
                    Defendant.        )
17  _____)

18

19      The parties have consented, under 28 U.S.C. § 636(c), to the

20  jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks

21  review of the Commissioner's denial of disability benefits.  As

22  discussed below, the court finds that the Commissioner's decision

23  should be reversed and this matter remanded for further proceedings.

24                      **I.  BACKGROUND**

25      Plaintiff Alice Daniels was born on October 23, 1956, and was

26  fifty-one years old at the time of her administrative hearing.

27  [Administrative Record ("AR") 59, 65.]  She has approximately two and

28  a half years of college education and past relevant work experience as

                                  1

an instructional aide and lead teacher. [AR 65, 80.]  Plaintiff alleges disability on the basis of pain in her lower back and left shoulder due to arthritis, loss of cartilage in her knees, and mental health problems. [AR 69-72.]

## II.   PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on September 25, 2009, and filed on October 2, 2009. On April 16, 2010, Defendant filed an Answer and plaintiff's Administrative Record ("AR").  On June 17, 2010, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.   PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") on March 23, 2006, alleging disability since November 1, 2000. [AR 90]. After the application was denied initially and on reconsideration, Plaintiff requested an administrative hearing, which was held on March 18, 2008, before an Administrative Law Judge ("ALJ"). [AR 59.] Plaintiff appeared without counsel, and testimony was taken from Plaintiff and vocational expert Jeanine Metildi. [AR 90.]  The ALJ denied benefits in a decision dated June 27, 2008.  [AR 87-97.] Plaintiff sought review with the Appeals Council and submitted additional evidence. [AR 6.]  When the Appeals Council denied review on August 25, 2009, the ALJ's decision became the Commissioner's final decision. [AR 1.]

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the

1  Commissioner's decision to deny benefits.  The Commissioner's (or
2  ALJ's) findings and decision should be upheld if they are free of
3  legal error and supported by substantial evidence.  However, if the
4  court determines that a finding is based on legal error or is not
5  supported by substantial evidence in the record, the court may reject
6  the finding and set aside the decision to deny benefits.  See Aukland
7  v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v.
8  Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240
9  F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094,
10  1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir.
11  1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada
12  v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

13      "Substantial evidence is more than a scintilla, but less than a
14  preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence
15  which a reasonable person might accept as adequate to support a
16  conclusion." Id.  To determine whether substantial evidence supports
17  a finding, a court must review the administrative record as a whole,
18  "weighing both the evidence that supports and the evidence that
19  detracts from the Commissioner's conclusion." Id.  "If the evidence
20  can reasonably support either affirming or reversing," the reviewing
21  court "may not substitute its judgment" for that of the Commissioner.
22  Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

23                          **V.  DISCUSSION**

24      **A.  THE FIVE-STEP EVALUATION**

25      To be eligible for disability benefits a claimant must
26  demonstrate a medically determinable impairment which prevents the
27  claimant from engaging in substantial gainful activity and which is
28  expected to result in death or to last for a continuous period of at

                                    3

least twelve months.  <u>Tackett</u>, 180 F.3d at 1098; <u>Reddick</u>, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995, <u>as</u> <u>amended</u> April 9, 1996); <u>see</u> <u>also</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); <u>Tackett</u>, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  <u>Tackett</u>, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  <u>Tackett</u>, 180 F.3d at 1098 and n.3; <u>Smolen</u>, 80 F.3d at 1288.  If this burden is met, a <u>prima</u> <u>facie</u> case of disability is made, and the burden shifts to the Commissioner (at step five) to

4

prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date (step one); that Plaintiff had "severe" impairments, namely obesity, arthritis and epilepsy (step two); and that Plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 92-93.] The ALJ found that Plaintiff had an RFC to perform light work generally; with occasional postural limitations; no ladders, no heights, no dangerous or fast moving machinery; and no open pools of water. [AR 93.] The vocational expert testified that a person with Plaintiff's RFC could perform Plaintiff's past relevant work as an instructional aid and lead teacher (step four). [AR 96.] Accordingly, Plaintiff was found not "disabled" as defined by the Social Security Act. [AR 97.]

**C.   ISSUES IN DISPUTE**

The parties' Joint Stipulation raises the following disputed issues:

1.   Whether the ALJ failed to properly consider the testimony of

---

[1]   Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

5

Ms. Daniels;

2.   Whether the ALJ failed to completely and properly consider
     the assessment of Dr. Bruce Applebaum;

3.   Whether the ALJ failed to properly consider Ms. Daniels'
     Mental Impairment;

4.   Whether the ALJ failed to properly consider the lay witness
     statement of Forrest Best; and

5.   Whether the Appeals Counsel failed to properly consider the
     new and material evidence.

[JS 2-3.]

As discussed below, Issues One, Two, and Three are dispositive.

**D.   BACKGROUND: DR. APPLEBAUM'S TREATMENT RECORDS**

Following the ALJ's decision denying Plaintiff's claim for benefits, filed on June 27, 2008, Plaintiff requested review before the Appeals Council on August 27, 2008, and submitted additional evidence, including treatment and examination records by Dr. Applebaum. [AR 6-7, Exhibit 1.] The records indicate that Plaintiff received treatment from Dr. Applebaum from December 3, 2004, to approximately June 6, 2008. [Exhibit 1-2, 1-20.] They also indicate that Dr. Applebaum noted that Plaintiff suffers from major depression, recurrent with moderate psychosis, and exhibits deficits in significant social and occupational functioning. [Exhibit 1-18.] In addition, Dr. Applebaum noted that Plaintiff has a Global Assessment of Functioning ("GAF") score of 42, which is consistent with "serious symptoms OR serious impairment in social, occupational function." [Exhibit 1-22.]

On August 25, 2009, the Appeals Council issued an Order stating that "we considered the reasons you disagree with the decision and the

6

1  additional evidence [provided]." [AR 1.]   The Appeals Council
2  concluded that "this information does not provide a basis for changing
3  the Administrative Law Judge's decision" and denied Plaintiff's
4  request for review. [AR 2.]   Plaintiff asserts that this evidence
5  requires reversal of the Commissioner's decision.   Plaintiff's claim
6  has merit, particularly as the evidence pertains to Issues One, Two,
7  and Three.

8       **E. ISSUE TWO: FAILURE TO CONSIDER MEDICAL EVIDENCE ON THE WHOLE**

9       In the Ninth Circuit, the district court's review of the
10  Commissioner's decision requires consideration of "the rulings of both
11  the ALJ and the Appeals Council." Ramirez v. Shalala, 8 F.3d 1449,
12  1451 (9th Cir. 1993).   Even in instances, such as in this case, where
13  the Appeals Council "declines to review" the decision of the ALJ, "it
14  reached this ruling after considering the case on the merits;
15  examining the entire record, including the additional material; and
16  concluding that the ALJ's decision was proper and that the additional
17  material failed to 'provide a basis for changing the hearing
18  decision.'   For these reasons, we consider on appeal both the ALJ's
19  decision and the additional material submitted to the Appeals
20  Council."   Id. (citing Bates v. Sullivan, 894 F.2d 1059, 1063-64 (9th
21  Cir. 1990)).

22       The Commissioner's decision must be reversed if it was based on
23  legal error or unsupported by substantial evidence.   Id.   Here, the
24  evidence that Plaintiff submitted for the first time to the Appeals
25  Council, including the records attributable to her treatment with Dr.
26  Applebaum, was significant and probative to the disability
27  determination and therefore, should have been considered and addressed
28  by the Commissioner.   Id. at 1454 (reversing Commissioner's decision

1    when Appeals Council disregarded relevant medical evidence); see also

2    Booz v. Secretary, 734 F.2d 1378, 1380 (9th Cir. 1984)(remanding for

3    reconsideration by the ALJ where there is a "reasonable possibility"

4    that new evidence would have changed the outcome of the case).

5    Accordingly, reversal is required.

6        **F. ISSUE THREE: MENTAL IMPAIRMENT**

7        In a letter dated February 14, 2007, Dr. Applebaum stated that he

8    has treated Plaintiff since December 2004, and that Plaintiff has

9    major depression, recurrent with moderate psychosis [AR 308-309.] The

10   ALJ considered this evidence and rejected Dr. Applebaum's assessment

11   as not credible, since he "provide[d] no objective basis for his

12   diagnosis" and "offer[ed] no treatment notes and no actual mental

13   status examination." [AR 96.] Instead, the ALJ relied on the opinion

14   of Dr. Ahmad Riahinejad, who examined Plaintiff on June 23, 2006. [AR

15   268-272.] Dr. Riahinejad's report stated that Plaintiff was capable of

16   managing her own funds, able to carry out simple and complex

17   instructions, accept instructions from supervisors and relate to

18   coworkers, and has no difficulty with pace. [AR 272.]

19       The ALJ, in reference to Dr. Riahinejad's opinion, determined

20   that Plaintiff's "medically determinable mental impairment of

21   depression does not cause more than minimal limitation in the

22   claimant's ability to perform basic mental work activities and is

23   therefore nonsevere." [AR 92.]  However, as noted above, Plaintiff

24   then submitted additional evidence which included Dr. Applebaum's

25   treatment notes and actual mental status examinations. [Exhibit 1.]

26   These records support Dr. Applebaum's assertions in his previous

27   letter. [AR 308-309.]

28       At step two of the five-step disability evaluation, an impairment

8

1  or combination of impairments may be found "not severe" only if the

2  evidence establishes a "slight abnormality that has no more than a

3  minimal effect on an individual's ability to work." Webb v. Barnhart,

4  433 F.3d 683, 686 (9th Cir. 2005)(quoting Smolen v. Chater, 80 F.3d

5  1273, 1290 (9th Cir. 1996)); see also Yuckert v. Bowen, 841 F.2d 303,

6  306 (9th Cir. 1988).  If an ALJ is "unable to determine clearly the

7  effect of an impairment or combination of impairments on the

8  individual's ability to do basic work activities, the sequential

9  evaluation should not end with the not severe evaluation step." Webb,

10 433 F.3d at 687 (quoting SSR 85-28, 1985 WL 56856 at *4).  Step two,

11 then, involves a "de minimis screening device used to dispose of

12 groundless claims, and an ALJ may find that a claimant lacks a

13 medically severe impairment or combination of impairments only when

14 his conclusion is clearly established by the medical evidence." Webb,

15 433 F.3d at 687 (citations omitted); see also Yuckert, 841 F.2d at 306

16 ("Despite the deference usually accorded to the Secretary's

17 application of regulations, numerous appellate courts have imposed a

18 narrow construction upon the severity regulation applied here.").

19      Under this narrow standard for step two evaluations, the finding

20 that Plaintiff did not have a severe mental impairment is not clearly

21 established by the medical evidence.  The record does show that

22 Plaintiff received regular and continuous mental health treatment,

23 takes medication for depression such as Alprazolam and Citalopram [AR

24 157], and has individual sessions with a psychologist.  Moreover, none

25 of the treatment record evidence was discussed or evaluated in the

26 administrative decision, nor did it appear to be taken into account by

27 Dr. Riahinejad.  Based on the existing record, the evidence of

28 Plaintiff's claim of mental impairment "is sufficient to pass the de

9

minimis threshold of step two." <u>Webb</u>, 433 F.3d at 687.  Although the court "do[es] not intimate that [plaintiff] will succeed in proving that [s]he is disabled," the ALJ should continue the sequential evaluation beyond step two "because there was not substantial evidence to show that [plaintiff's] claim was groundless." <u>Webb</u>, 433 F.3d at 688.  Accordingly, the ALJ's finding that the Plaintiff did not suffer from a severe mental impairment should be reversed, and the matter should be remanded for further proceedings.

### G. ISSUE ONE: PLAINTIFF'S TESTIMONY AND CREDIBILITY

At the administrative hearing, Plaintiff testified, among other things, that she has arthritis and pain in her low back [AR 69], loss of cartilage in her knees, degenerative arthritis in her left shoulder [AR 71], difficulty sitting for more than 25-30 minutes [AR 75], inability to stand or walk for more than 10-15 minutes [AR 76], and need of a cane for support [AR 71]. She also testified that she suffers from depression, wants to sleep all day, procrastinates, and gets emotional and cries [AR 72].

The ALJ referenced this portion of Plaintiff's testimony in the administrative decision and noted that Plaintiff "has offered little objective medical evidence of a medically determinable impairment or impairment related limitations." [AR 96.]  The ALJ also determined, based on a number of reasons including inconsistencies in the Plaintiff's testimony, that Plaintiff's testimony "although appearing sincere, is not fully credible" regarding her symptoms and functional limitations. [<u>Id.</u>]  Plaintiff asserts that this determination constituted reversible error because it was not "legally sufficient", and each basis the ALJ relied on is "either false or does not reflect poorly on [Plaintiff's] credibility." [JS 3.]

1    The standard in the Ninth Circuit for evaluations of subjective
2    symptom testimony in Social Security disability cases requires, first,
3    that the claimant produce medical evidence of an underlying impairment
4    which is reasonably likely to be the cause of the alleged symptom;
5    when this evidence is produced, the Commissioner may not reject a
6    claimant's credibility without specifically making findings which
7    support that conclusion.  Bunnell v. Sullivan, 947 F.2d 341, 345 (9th
8    Cir. 1991)(en banc)(affirming standard of Cotton v. Bowen, 799 F.2d
9    1403, 1407 (1986), for review of ALJ evaluations of pain and
10   subjective symptom testimony).  The credibility determination must
11   state "clear and convincing" reasons that includes a specific
12   statement of which symptom testimony is not credible and what facts in
13   the record lead to that conclusion.  Smolen v. Chater, 80 F.3d 1273,
14   1284 (9th Cir. 1996)(citing Dodrill v. Shalala, 12 F.3d 915, 918 (9th
15   Cir. 1993)); see also Lester v. Chater, 81 F.3d at 834 ("For the ALJ
16   to reject the claimant's complaints, [the ALJ] must provide specific,
17   cogent reasons for the disbelief"). A claimant's pain does not need to
18   be affirmed by objective medical evidence, as long as the pain is
19   "associated with such an impairment." Magallanes v. Bowen, 881 F.2d
20   747, 755 (9th Cir. 1989). On the other hand, evidence of conservative
21   treatment is "sufficient to discount a claimant's testimony regarding
22   severity of an impairment." Parra v. Astrue, 481 F.3d 742, 750-751
23   (9th Cir. 2007).

24   Here, Plaintiff satisfied the initial requirement of producing
25   medical evidence of an underlying impairment to warrant such an
26   evaluation.  The pain that Plaintiff is experiencing is reasonably
27   associated with such impairments.  On the other hand, there is
28   evidence that Plaintiff underwent conservative treatment. There are

11

1   also instances of inconsistencies between medical records and

2   Plaintiff's assertions.   Nevertheless, the court notes that evidence

3   regarding Plaintiff's mental impairment had not been fully considered.

4   When a mental illness is involved, such as depression, the court must

5   be careful in evaluating conservative treatment, because such mental

6   conditions may affect the claimant's willingness to be treated in the

7   first place.   See Regenitter v. Comm'r, Soc. Sec. Admin., 166 F.3d

8   1294, 1299-1300 (9th Cir. 1999).   Since the ALJ dismissed the mental

9   illness findings due to lack of a full medical record at the time [AR

10  96] and did not consider the record as a whole, the determination of

11  credibility itself may have been affected.   Hence a more comprehensive

12  determination of credibility is necessary in light of the new

13  evidence.   Accordingly, the matter should be reversed and remanded for

14  further proceedings.

15          **E.   REMAND FOR FURTHER PROCEEDINGS**

16          The decision whether to remand for further proceedings is within

17  the discretion of the district court.   Harman v. Apfel, 211 F.3d 1172,

18  1175-1178 (9th Cir. 2000).   Where no useful purpose would be served by

19  further proceedings, or where the record has been fully developed, it

20  is appropriate to exercise this discretion to direct an immediate

21  award of benefits.   Harman, 211 F.3d at 1179 (decision whether to

22  remand for further proceedings turns upon their likely utility).

23  However, where there are outstanding issues that must be resolved

24  before a determination can be made, and it is not clear from the

25  record that the ALJ would be required to find the claimant disabled if

26  all the evidence were properly evaluated, remand is appropriate.   Id.

27  Here, as set out above in Issues One, Two, and Three, outstanding

28

1   issues remain before a finding of disability can be made.[2]

2   Accordingly, remand is appropriate.

3                           **VI.   ORDERS**

4        Accordingly, **IT IS ORDERED** that:

5        1.    The decision of the Commissioner is **REVERSED**.

6        2.    This action is **REMANDED** to defendant, pursuant to Sentence

7   Four of 42 U.S.C. § 405(g), for further proceedings as discussed

8   above.

9        3.    The Clerk of the Court shall serve this Decision and Order

10  and the Judgment herein on all parties or counsel.

11

12  DATED: October 1, 2010



13                              CARLA M. WOEHRLE
                              United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

   _____

27       [2]  The remaining issues raised by Plaintiff in the Joint
    Stipulation would not direct a finding of disability on the basis of
28  the current record.

                                   13